■ FRED LEDERMAN, Respondent, v LAWRENCE HOSPITAL, Respondent, and PETER ROSENBERG, Appellant, et al., Defendants. [607 NYS2d 948] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 24, 1992, which, *inter alia,* denied the motion of defendant-appellant

Peter Rosenberg, M.D., for summary judgment dismissing the complaint as against him, unanimously reversed, insofar as appealed from, on the law, the motion granted and the complaint against defendant-appellant dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing the complaint as against him.

Between 3 and 4 A.M. on February 28, 1987, plaintiff's decedent's daughter attempted to contact her mother's physician, defendant Dr. Michael Hoffman, to report that decedent was suffering from severe abdominal pain. Doctor Hoffman's answering service informed her that defendant-appellant Dr. Peter Rosenberg was on call for Dr. Hoffman. Dr. Rosenberg was then contacted by the service and immediately called decedent's daughter. After hearing a description of decedent's symptoms, Dr. Rosenberg advised that decedent should be taken to the nearest emergency room, i.e., that of defendant Lawrence Hospital. According to decedent's daughter, she informed Dr. Rosenberg that ten years earlier her mother had had abdominal surgery at defendant Jack D. Weiler Hospital of the Albert Einstein School of Medicine ("Einstein Hospital") and requested that she be permitted to bring her there, where both Dr. Rosenberg and Dr. Hoffman had admitting privileges. According to Dr. Rosenberg, he advised that she be taken to Lawrence Hospital because Einstein Hospital did not have an emergency room. Decedent was taken to Lawrence and, after she was stabilized, was transferred, at her family's request, to Einstein. One hour after her transfer, she suffered cardiac arrest and died. The cause of death was later determined to be an abdominal aortic aneurysm.

As Dr. Rosenberg took no part in decedent's treatment, the only basis for plaintiff's claim that he committed malpractice was that he failed to exercise due care in making the hospital referral (see, Graddy v New York Med. Coll., 19 AD2d 426, 429-430). This claim is based on defendant's advice that decedent should be taken to the nearest emergency room, i.e., Lawrence Hospital, rather than to Einstein Hospital, where, according to plaintiff, defendant could have arranged for an emergency admission and decedent would have received better treatment. Plaintiff, however, has presented no evidence to support the claim that Lawrence was not an appropriate facility to treat decedent under the circumstances. Furthermore, there is no evidence to refute defendant's contention that, according to the information available to him at the

time, he had every reason to believe that full emergency room facilities were called for in order to stabilize decedent's condition. In particular, it is clear that plaintiff's expert's contention that time was not of the essence in treating decedent is mere hindsight and is based completely on facts which were still unknown on the night in question, at which time defendant had every reason to believe that an emergency existed.

Moreover, while the parties disagree concerning how much of decedent's medical history of ten-year-old abdominal surgery was conveyed to defendant, this is not relevant to the issue. Even assuming that defendant was told this aspect of the patient's medical history and could thereby have diagnosed her condition, there is no basis to conclude that Einstein was necessarily a better choice for emergency treatment merely because the records of the prior surgery were located there. Concur—Sullivan, J. P., Ellerin, Kupferman, Rubin and Tom, JJ.